104 F.3d 361
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kirpal and Narvinder SIDHU, Plaintiffs-Appellants,
v.
Carol JENIFER, Defendant-Appellee.
 No. 96-1061.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1996.
 
 Before: MARTIN, Chief Judge; KEITH and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kirpal and Narvinder Sidhu appeal the district court's decision affirming the Immigration and Naturalization Service's denial of the Sidhu's visa petition. The Sidhus had petitioned to classify their niece, Gurpreet Lidhar, as an "immediate relative," a priority immigration status under the Immigration and Naturalization Act. The district court granted the Service's motion for summary judgment.
 
 
 2
 Mr. and Mrs. Sidhu are husband and wife. United States citizens, they reside in East Lansing, Michigan. Mrs. Sidhu's younger sister, Balbir Lidhar, and her husband, Amarjit Lidhar, live in India. The Lidhars are Gurpreet's natural parents. When Gurpreet was eleven, at the Lidhars' request, the Sidhus agreed to adopt Gurpreet; the adoption was arranged to ease the Lidhars' financial burden and to provide a more privileged lifestyle for Gurpreet. Shortly before her twelfth birthday, Gurpreet was relocated from her natural parents' home to the home of her maternal grandparents, who also live in India, although in a separate town. Less than three months later, the Sidhus adopted Gurpreet through the Sikh religious ceremony. Roughly fourteen months later, this adoption was authorized and approved by the appropriate Indian court. The Sidhus continued living in Michigan but visited and supported Gurpreet in India.
 
 
 3
 Under Title 8 U.S.C. § 1151(b), "immediate relatives" of United States citizens can immigrate to the United States regardless of the numerical limitations imposed on other aliens seeking permanent residence in the United States. Section 1101(b)(1) of that title provides that children of United States citizens qualify as immediate relatives if they are unmarried, under twenty-one years of age, and within at least one of six categories. The parties agree that only one category applies to these facts. To qualify as an immediate relative under § 1101(b)(1), Gurpreet must be:
 
 
 4
 a child ... who is an orphan because of the death or disappearance of, abandonment or desertion by, or separation or loss from, both parents ... Provided, That the Attorney General is satisfied that proper care will be furnished the child if admitted to the United States: Provided further, That no natural parent or prior adoptive parent of any such child shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this chapter.
 
 
 5
 8 U.S.C. § 1101(b)(1)(F) (emphasis added).
 
 
 6
 Fifteen months after the legal adoption, the Sidhus filed a petition with the Immigration and Naturalization Service to classify Gurpreet as an orphan and immediate relative. The Service concluded, however, that Gurpreet was not an orphan; in its judgment, Gurpreet was not abandoned by or separated from her parents when she was adopted by the Sidhus. Accordingly, the Service denied immediate relative status to Gurpreet. In their administrative appeal, the Sidhus offered additional evidence and argued that, at the time of the adoption, Gurpreet was abandoned by her natural parents, or at least that she was an orphan by virtue of her extended separation from her natural parents. The Service's Administrative Appeals Unit determined that the Sidhus failed to show that Gurpreet was separated from or abandoned by the Lidhars and thus dismissed the Sidhu's appeal. The district court affirmed the Service's determination by granting that agency's motion for summary judgment.
 
 
 7
 On appeal, the Sidhus contend that the Service and the district court have arbitrarily and improperly construed 8 USC § 1101(b); specifically, they argue that this denial of immediate relative status ignores and defeats the altruistic purpose of the statute to provide stable family environments for foreign children and their American parents.
 
 
 8
 The Service defends its narrow reading of the statute by categorizing its decision as a common sense reading meant to exclude attempts by United States citizens to bring their extended family to this country by way of artiface. In the Service's view, the orphan provision was intended to protect homeless children rather than well cared for subjects of arranged intra-family adoptions.
 
 
 9
 This Court, like the district court, reviews immigration decisions for an abuse of discretion and upholds them unless they are arbitrary and capricious. De Gonzalez v. INS, 996 F.2d 804, 806 (6th Cir.1993). That is, the Service's statutory interpretation is entitled to deference and we will accept it unless that interpretation is demonstrably irrational, based on an improper understanding of the law, or manifestly contrary to the plain meaning of the statute. ABF Freight System, Inc. v. NLRB, 114 S.Ct. 835, 839 (1994).
 
 
 10
 The Immigration and Naturalization Act does not define "abandonment" or "separation" as they relate to the orphan provision of that statute. Those terms were also passed over by the regulations and the legislative history. Thus, whether the Service's interpretation was arbitrary and capricious depends upon how far its interpretation strays from our concept of the ordinary or natural meaning of those terms.
 
 
 11
 The Service did not abuse its discretion in determining that Gurpreet was not abandoned since it was entitled to distinguish the term abandonment from surrender. The ordinary and natural meaning of abandonment includes the complete relinquishment of a person or thing without vesting those relinquished rights to any other person. Since even the Sidhus concede that Gurpreet's adoption was orchestrated, the Service did not misconstrue the facts in determining that Gurpreet was not abandoned.
 
 
 12
 Further, the Service did not abuse its discretion in determining that Gurpreet was not separated from her natural parents. Although there is ample evidence to support the Sidhus' claim that the Lidhars have not had financial or physical contact with Gurpreet for many years, we are compelled to recognize the Service's more expansive definition of the term separation. In its attempt to regulate the orphan provision's influence, the Service considered the degree of separation reflected by the facts before it. The Service's interpretation of separation entails all forms of separation. Here, there is abundant evidence that suggests that Gurpreet continues to be emotionally interested and united with her natural parents. Given this emotional connection, the Service refused to acknowledge separation. Though it denotes a clear agenda, the Service's thorough investigation of this statutory term was proper.
 
 
 13
 After thorough review of the evidence before it, the Service determined that Gurpreet was not eligible for classification as an orphan or immediate relative under the Immigration and Naturalization Act. Because there is nothing erroneous or unreasonable about the Service's interpretation of that statute, we AFFIRM the decision of the district court.